UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCESCO VITALE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA FRANCHISE TAX BOARD, et al.,<br><br>　　　　Defendants. | Case No.  23-cv-06039-RFL<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

　　　　Plaintiff Francesco Vitale, who is proceeding pro se, filed a complaint against Defendants U.S. Deputy Assistant Attorney General David Hubbert and the California Franchise Tax Board on November 21, 2023.  (Dkt. No. 1.)  On February 12, 2024, the United States filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  (Dkt. No. 5.)  On February 23, 2024, the California Franchise Tax Board filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.  (Dkt. No. 7.)  Plaintiff's opposition to the motion to dismiss filed by the United States was due on February 26, 2024, and his opposition to the motion to dismiss filed by the California Franchise Tax Board was due on March 8, 2024.  Plaintiff did not file any opposition to the motions to dismiss.  Nor did Plaintiff request an extension of time to respond.  Accordingly, on March 20, 2024, the Court issued an order to show cause.  (Dkt. No. 8.)  Plaintiff was ordered to show cause why this case should not be dismissed for failure to

1

prosecute.  (Dkt. No. 8 at 1.)  Plaintiff was further ordered to file responses to Defendants' motions to dismiss if he wished to pursue his claims against them.  (Dkt. No. 8 at 1.)  The Court cautioned Plaintiff that failure to timely comply with the order to show cause by April 5, 2024 would result in dismissal of his action for failure to prosecute.  (Dkt. No. 8 at 2.)  To date, Plaintiff has not responded to the Court's order to show cause, and the deadline to respond has passed.  For the reasons set forth below, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order.  *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, four of the five factors weigh in favor of dismissal.  The first two factors support dismissal.  "The public's interest in expeditious resolution of litigation always favors dismissal."  *Id.* (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Plaintiff's failure to respond to Defendants' motions to dismiss and the Court's order to show cause, despite being given ample time to do so, has prevented the Court from expeditiously moving this case toward disposition.  These failures have not only brought this action to an indefinite halt, *see Yourish*, 191 F.3d at 990, but also "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket," *Pagtalunan*, 291 F.3d at 642.  Consequently, Plaintiff has interfered with the Court's ability "to manage its docket without being subject to routine noncompliance of litigants."  *Id.*

The third factor also weighs in favor of dismissal.  Plaintiff wholly fails to rebut the presumption of prejudice to Defendants from his unreasonable delay in prosecuting this action.

*See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). While a plaintiff may rebut this presumption "with an excuse for his delay that is anything but frivolous," here, Plaintiff has not come forward with any excuse for his failure to respond to Defendants' motions to dismiss or to comply with the Court's order to show cause. *Id.* at 1453 (citation omitted).

      The fourth factor likewise favors dismissal, as the Court has attempted less drastic sanctions to no avail. Although the Court issued an order to show cause, affording Plaintiff an opportunity to explain his failure to prosecute and file oppositions to Defendants' motions to dismiss, Plaintiff did not respond. The order to show cause also expressly warned Plaintiff that his case would be dismissed for failure to prosecute absent timely compliance with the order. *See Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992) ("The district judge has an obligation to warn the plaintiff that dismissal is imminent."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 (9th Cir. 1987))). In addition, the Court imposes a less drastic sanction by dismissing this action without prejudice, rather than with prejudice. *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 754 (9th Cir. 2002); *see also McDermott v. Palo Verde Unified Sch. Dist.*, 638 F. App'x 636, 638 (9th Cir. 2016) ("[A] dismissal without prejudice is one of the lightest sanctions available.").

      Lastly, "[p]ublic policy favors disposition of cases on the merits," so the fifth factor cuts against dismissal. *Pagtalunan*, 291 F.3d at 643.

      In sum, because four of the five factors weigh in favor of dismissal, the Court concludes that dismissal of this action for failure to prosecute is warranted. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal" (quoting *Ferdik*, 963 F.2d at 1263)).

\*   \*   \*

      For the foregoing reasons, this action is **DISMISSED WITHOUT PREJUDICE** for

failure to prosecute pursuant to Rule 41(b).

**IT IS SO ORDERED.**

Dated: April 17, 2024

RITA F. LIN
United States District Judge